Determann v. Luehrsmann.

---

## DETERMANN *et al.* v. LUEHRSMANN *et al.*

1. **Unincorporated Church** : TRUSTEE OF LAND FOR USE OF : REMOVAL ON PETITION OF MEMBERS. Three out of several hundred members of an unincorporated church have no right to ask the removal of a trustee to whom property has been conveyed for the use of the church, especially where it is not shown that the property will be impaired or the rights of the beneficiaries imperiled.

2. ———— : ———— : RIGHT TO RENTS. In such case the trustee is entitled to the rent of the trust property.

3. **Former Adjudication** : FACTS CONSTITUTING. Where a married woman brought an action against a trustee to set aside a trust deed, but the court decreed that the deed should stand, and that the trustee should pay her a certain sum in satisfaction of the claim of herself and husband in the land, *held* that the husband was thereby estopped from bringing a subsequent action against the trustee to set aside the deed.

*Appeal from Clinton Circuit Court.*

FILED, MARCH 12, 1888.

ACTION in chancery to enforce a trust, to remove the trustee, and for other relief. After a trial on the merits, the plaintiffs' petition was dismissed, and they now appeal to this court.

*C. W. Chase*, for appellants.

*P. B. Wolfe*, for appellees.

BECK, J.—I.   The petition alleges that the plaintiffs, Benedict H. Determann, Jacob Borman and Theodore Hoing, are members of " the German Catholic St. Boniface Church at Lyons," an ecclesiastical body organized under the canons and the rules of the Catholic church, with a membership of several hundred, but is not incorporated, and cannot bring suit as an incorporation ; and that, as it is impracticable to join all the members of the church, the plaintiffs bring this suit in behalf of themselves and all other members, the question involved being of common interest to all the members of the church. The petition shows that Harman Kahle, a member of the church, being seized of certain lands, desired to devote them to the use and benefit of the church of St. Boniface, and the parochial school connected therewith. But he was induced by defendant Luehrsmann, then the pastor of the church, to convey them to him; which was done, under the belief of the grantor that the church and school were the beneficiaries for whom the grantee should hold the lands in trust, and that defendant herein Mary Hoing should hold the right to the possession and use of the lands for one year after the death of the grantor. But the deed was in fact absolute, without reserving any right or interest to the church or to Mary Hoing.   After the death of the grantor, defendant Luehrsmann rented the lands to defendant H. H. Monemann, claiming to own them absolutely in his own right, and not as a trustee.   Subsequently, Mary Hoing commenced an action against Luehrsmann to set aside the deed, in order that she, as the devisee and heir of Kahle, might be able to convey the lands to a trustee for the benefit of the church and school, and to recover damages to which she might be entitled for being deprived of the possession and use of the lands.   The action was disposed of by a decree, wherein it is declared that Luehrsmann holds the lands in trust for the church and school, and that a payment made by him to Mary Hoing of five hundred and fifty dollars should operate as satisfaction of the claim of herself and her husband, Theodore Hoing, who is a

plaintiff in this suit. The decree provides that for this sum, and the further sum of $268.80 paid for attorney fees, costs and expenses in the defense of the action, he shall have a lien upon the lands. The petition shows that, in the action wherein the decree was rendered, certain persons, members of the church, intervened, setting up that they were trustees of the church; but that they in fact had no authority from the church or its members so to do. It is alleged that the decree is not, therefore, binding upon the church and its members. It is further alleged that Luehrsmann has permitted the lands "to run down and become impoverished, and the fences to be destroyed, and has cut about ten cords of wood each year, and converted the same to his own use." Upon this ground, and for the further reason alleged, that he is an improper person to discharge the duties of the trust, it is prayed in the petition that he be removed, and a suitable person be appointed in his place. Mary Hoing is made a defendant, and H. H. Monemann, to whom Luehrsmann leased the land, is also joined as a defendant. Neither of them answered in this action. It is further prayed that, pending this action, a receiver be appointed to take charge of the land, and collect the rents, and that other appropriate relief be granted. The material allegation of the petition impeaching the validity of the deed to Luehrsmann, the former decree and the acts of Luehrsmann are denied. Other allegations of the pleadings need not be recited here. The circuit court dismissed plaintiff's petition. The decree, in addition to the order of dismissal, contains this further provision: "And the court further finds that the sum of one hundred and fifty dollars has been paid into the First National Bank of Lyons, Iowa, being the rent of the land herein involved, due January 1, 1886, and that, by stipulation of the parties hereto, such sum is to be applied under the direction of this court. Now, in accordance with such stipulation, it is hereby ordered that said sum of one hundred and fifty dollars, with the lease of said land, be paid and delivered to the defendant Luehrsmann. And it is hereby considered and

adjudged that said defendant Luehrsman have and recover of and from the plaintiffs the costs of this action, taxed at $———.''

II. The defendant Luehrsmann, in his answer to the plaintiffs' petition, does not deny that the lands in question were conveyed to him in trust for the St. Boniface church and school, and in his testimony he states that the deed to him was made to secure it for that purpose. No question, therefore, arises as to the trust held by him. The plaintiffs declare that he holds a trust, and he admits it.

III. The evidence fails to show such a state of facts as authorizes the conclusion that the property will be impaired, or the interests and rights of the beneficiaries will be imperiled, before the beneficiaries, through the proper ecclesiastical officers, or through persons otherwise authorized by law, may call upon him to discharge the trust by the conveyance of the lands to a person or persons authorized to hold it for the church. These plaintiffs are three out of several hundred, and do not show that they have any other or greater rights as to the property than any other three members of the church. They have no right to direct the appointment of trustees to take and hold the lands for the church. They cannot and do not ask an accounting by Luehrsmann for money paid and received by him. We think they present in this case no grounds upon which a court of chancery can interfere to disturb the possession of the property in Luehrsmann. We need not inquire whether the beneficiaries, the church and school, or the members of the church, are estopped by the decree in the former case, or whether that decree as to the beneficiaries is to be regarded as an adjudication as to the claim of Mary Hoing, and the costs and expenses paid by Luehrsmann. These questions may probably arise when Luehrsmann is required to perform the trust, and account for the moneys received by him as trustee. These considerations lead us to the conclusion that the circuit court rightfully dismissed plaintiffs' petition.

IV. Mary Hoing and her husband, Theodore, who

is a plaintiff in this action, are surely bound by the decree in the former action.

The provision of the decree in this action requiring the money paid to the bank on the rent of the land to be delivered to Luehrsmann is correct, for the reason that he, as the trustee, has the right to all moneys arising from or pertaining to the trust.

In our opinion, the decree of the circuit court ought to be

AFFIRMED.